**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Jorge BRETON–RODRIGUEZ,**
**Defendant–Appellee.**

No. 06–10518.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2007 *.

Filed May 23, 2007.

Reese V. Bostwick, Esq., Bruce M. Ferg, Esq., USTU–Office of the U.S. Attorney, Evo A. Deconcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellant.

Gregory J. Kuykendall, Esq., Kuykendall & Associates, Tucson, AZ, for Defendant–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Leonard B. Sand, Senior United States District Judge for the Southern District of New York, sitting by designation.

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and SAND,** Senior District Judge.

MEMORANDUM ***

The government appeals from the district court's order granting Breton–Rodriguez's motion to suppress statements that he made during a hospital interview conducted by border patrol agents. As the facts and the procedural posture of the case are known to both parties, we repeat them here only as necessary.

Breton–Rodriguez's waiver of his *Miranda* rights is not rendered involuntary simply because he was receiving morphine and in considerable pain. *See United States v. George*, 987 F.2d 1428, 1430–31 (9th Cir.1993) (finding waiver voluntary where defendant was suffering from a drug overdose); *United States v. Martin*, 781 F.2d 671, 672–74 (9th Cir.1986) (finding statements voluntary where defendant was in pain and on medication). Nor is his waiver rendered involuntary simply because the agents conducted the interview shortly after he regained consciousness. As the Fourth Circuit has stated, "the mere fact that [agents] did not wait to interview [the suspect] does not amount to police overreaching." *United States v. Cristobal*, 293 F.3d 134, 141 n. 9 (4th Cir. 2002). Breton–Rodriguez offers no evidence of government coercion, and we are satisfied that the government has met its

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

burden to show that the waiver was voluntary.

However, the district court did not clearly err in finding that the government has not met its burden to show that the waiver was "knowing and intelligent." *See Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Collazo v. Estelle*, 940 F.2d 411, 416 (9th Cir.1991). Although Breton–Rodriguez's pain and medication do not render his waiver involuntary as a matter of law, they suggest that he lacked the "awareness" knowingly and intelligently to waive his rights as a matter of fact. *See Collazo*, 940 F.2d at 416. Breton–Rodriguez had awakened from a coma lasting nearly four days just an hour and a half before the interview began. He was receiving morphine. The government offered no medical evidence to support the testimony of its interviewing agents that Breton–Rodriguez had the cognitive ability to understand and waive his rights. On this record, the district court did not clearly err in ruling that the government failed to prove that Breton–Rodriguez had knowingly and intelligently waived his rights.

Because we uphold the district court's order based on the government's failure to show a valid *Miranda* waiver, we do not reach the Vienna Convention issue. The district court's order granting Breton–Rodriguez's motion to suppress is

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.